UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRIMERICA LIFE INSURANCE
COMPANY, a Massachusetts corporation,

           Plaintiff,

    v.

ESTATE OF DAVID W. GRIM; and DEBRA
A. CANADY, a Washington citizen;

         Defendants.

Case No. 09-cv-0108-RAJ-JPD

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Primerica Life Insurance Company ("Primerica") has filed this interpleader action against Defendants Estate of David W. Grim ("the Grim Estate") and Debra A. Canady, seeking to pay the proceeds of a life insurance policy into the court's registry and to enjoin the Defendants from pursuing any further claims against Primerica concerning the policy proceeds. Dkt. No. 1. The complaint was served on defendant Debra A, Canady on March 26, 2009, but she has failed to appear or otherwise answer the complaint. Dkt. No. 3.

The present matter comes before the Court on Primerica's motion for summary judgment. Dkt. No. 8. The Grim Estate has filed a response to the motion, Dkt. No. 12, to which Primerica has replied, Dkt. No. 15. After careful consideration of the motion, the Grim

REPORT AND RECOMMENDATION
PAGE - 1

Estate's response, the reply brief, the governing law and the balance of the record, the Court recommends that a default be entered against the defendant Debra A. Canady, that Primerica's motion for summary judgment, Dkt. No. 8, be GRANTED. The Court further recommends that the Clerk be directed to release the insurance policy proceeds paid into the court's registry by Primerica to the defendant Grim Estate.

## II.      BACKGROUND

### A.      Factual Background

The material facts of this case are undisputed. On February 15, 2007, Primerica issued a life insurance policy to Defendant Debra A. Canady. Dkt. No. 9, Exh. A. The policy included a spouse term insurance rider which also insured Ms. Canady's common law spouse, David W. Grim. Dkt. No. 9, Exh. B. The life insurance policy specified that the beneficiary of the policy was "the Insured, if living; otherwise the estate of the Insured Spouse." *Id.* The policy listed Ms. Canady as the "Insured." *Id.*

On June 26, 2008, Mr. Grim was killed as a result of homicidal violence, specifically, craniocerebral trauma due to a blunt force head injury from a hammer. Dkt. No. 9, Exhs. C, F. On or about July 28, 2008, Ms. Canady was arrested and charged with the murder of Mr. Grim in Snohomish County Superior Court. Dkt. No. 9, Exh. D; Dkt. No. 13, Exh. D. On September 19, 2008, Ms. Canady submitted to Primerica a statement requesting payment of the proceeds from Mr. Grim's life insurance policy. Dkt. No. 9, Exh. E. At the time of Mr. Grim's death, the benefit of the life insurance policy appears to have totaled $137,500. Dkt. No. 9, Exh. D. On May 14, 2009, a jury in Snohomish County Superior Court found Ms. Canady guilty of first-degree murder in the death of Mr. Grim. Dkt. No. 13, Exh. D. On June 2, 2009, Ms. Canady was sentenced to 28 years in prison, along her partner in Mr. Grim's murder, Brent Starr. Dkt. No. 9, Exh. F; Dkt. No. 13, Exh. D.

### B.      Procedural History

Primerica filed its complaint for interpleader on January 23, 2009. Dkt. No. 1. On

March 16, 2009, service of the summons and complaint for interpleader on Ms. Canady was effected by the County Sheriff at the Snohomish County Corrections Bureau. Dkt. No. 3. However, to date, Ms. Canady has not responded to the complaint or otherwise appeared in this action. Service of the summons and the complaint was accepted by the Grim Estate on June 8, 2009. Dkt. No. 6.

Primerica's motion for summary judgment was filed on June 18, 2009. Dkt. No. 8. The motion seeks to permit Primerica to pay the proceeds of the life insurance policy, plus interest at the statutory rate, less Primerica's attorney's fees and costs, into the registry of the court. *Id.* In addition, the motion seeks to enjoin the Defendants from pursuing further claims against Primerica concerning the disposition of the insurance policy proceeds. *Id.* The parties do not appear to dispute that the proceeds of the insurance policy are $137,500, plus interest at the statutory rate, less Primerica's attorney's fees and costs of $2,000. Dkt. No. 12 at 7; Dkt. No. 15 at 3.

The Grim Estate does not oppose the motion. However, it requests that the Court also direct the Clerk to release the proceeds paid into the court's registry by Primerica to the Grim Estate since Ms. Canady was responsible for Mr. Grim's death. Dkt. No. 12.

### III.    JURISDICTION

This interpleader action arises under Rule 22 of the Federal Rules of Civil Procedure and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Grim Estate and Ms. Canady are both citizens of Washington, Primerica's principal place of business is in Georgia, and the matter in controversy exceeds $75,000. 28 U.S.C. § 1335 also provides authority for interpleader actions. However, before the Court to exercise jurisdiction under that statute, two or more of the adverse claimants must be diverse in citizenship. Because the Grim Estate and Ms. Canady are both citizens of Washington, they are not diverse, and as a result the Court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1335. Venue is proper under 28 U.S.C. § 1391(a).

REPORT AND RECOMMENDATION
PAGE - 3

Pursuant to 28 U.S.C. § 636(c), Primerica and the Grim Estate have consented to have this matter heard by the undersigned United States Magistrate Judge. Dkt. No. 7. However, Ms. Canady has not appeared in this action and therefore has not consented to this matter proceeding before a magistrate judge. Accordingly, the undersigned is issuing a Report and Recommendation. *See Henry v. Tri-Services, Inc.*, 33 F.3d 931, 933 (8th Cir. 1994) (holding that the magistrate judge could not enter default judgment against a party who had not consented or appeared in the action).

## IV. DISCUSSION

### A. Summary Judgment Standard

Summary judgment "shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of fact is "material" if it "might effect the outcome of the suit under the governing law." *Id.*

### B. Primerica Will Be Discharged from Liability Regarding the Policy Proceeds.

Rule 22 of the Federal Rules of Civil Procedure, or rule interpleader, provides a process that allows a party to "join all other claimants as adverse parties when their claims are such that the stakeholder may be exposed to multiple liability." *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). Statutory interpleader, grounded in 28 U.S.C. § 1335, also provides original jurisdiction for interpleader actions if the claimants are minimally diverse. *See* 28 U.S.C. § 1335. However, if the jurisdictional requirements of 28 U.S.C. § 1335 are not met, then the statutory remedies provided at 28 U.S.C § 2361 are not available. *See* 28 U.S.C. § 2361; *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 705 (7th Cir. 1991) (holding that § 2361 only applies to statutory interpleader under § 1335); *Herman Miller, Inc. v. Magallon*,

2008 U.S. Dist. LEXIS 51884, at *7 (E.D. Cal. 2008) (citing *Corcoran*, noting that § 2361 does not explicitly apply to Rule 22 interpleader actions).

Here, it appears Primerica has brought this as a rule interpleader action, as the two claimants, the Grim Estate and Ms. Canady, are both from the state of Washington and are not minimally diverse as required by 28 U.S.C. § 1335. Therefore, the specific statutory remedies provided under 28 U.S.C. § 2361 are not available. However, under Rule 22 interpleader, the Court may nonetheless discharge Primerica from liability regarding the policy proceeds and enjoin the Grim Estate and Ms. Canady from pursuing any further claims against Primerica or its agents concerning the policy proceeds under principles of equity. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033-34 (9th Cir. 2000) (observing that interpleader developed in equity and is governed by equitable principles); *United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir. 1978) (citing authorities, noting that the court may enjoin proceedings when "it is found that pending or threatened . . . proceedings will destroy the effectiveness of the interpleader suit or the enforceability of its judgment."); *Magallon*, 2008 U.S. Dist. LEXIS 51884, at *7-8 (noting that while § 2361 may not apply, it is still possible for the district court to enjoin defendants in a Rule 22 interpleader action); *Metro. Life Ins. Co. v. Billini*, 2007 U.S. Dist. LEXIS 89971, *10 (E.D. Cal. 2007) (in Rule 22 interpleader action, holding that "[g]iven the futility of an interpleader action if claimants file separate suits against the stakeholder, the court may enjoin the claimants from doing so."). Indeed, interpleader's primary purpose is to protect a disinterested stakeholder from multiple liability and the expense of multiple litigation. *See Bayona*, 223 F.3d at 1033-34.

As mentioned previously, the material facts of this case are not in dispute. Primerica, a disinterested stakeholder, is faced with two competing claims to the proceeds of the life insurance policy of Mr. Grim — one claim from Ms. Canady and another claim from the Grim Estate. Therefore, the joinder of the two claimants and requiring them to interplead under Rule 22 is appropriate. As such, Primerica, after depositing the insurance policy proceeds into the

court's registry, shall be discharged from any future obligation concerning the policy proceeds, and the Grim Estate and Ms. Canady will be enjoined from pursuing any further claims regarding the policy proceeds against Primerica or its agents.

C.    The Grim Estate Is Entitled to the Proceeds of the Insurance Policy.

Under Washington law, any person who participates, either as a principal or an accessory before the fact, in the willful and unlawful killing of another individual is deemed a slayer who cannot collect life insurance proceeds on the decedent. *See* R.C.W. § 11.84.010(5); R.C.W. § 11.84.100(1). A final judgment of conviction for the willful and unlawful killing of the decedent is conclusive for purposes of determining whether a person is a slayer. R.C.W. § 11.84.140(1). Washington law further provides that life insurance proceeds payable to the slayer as the beneficiary "shall be paid instead to the estate of the decedent, unless the policy . . . designate[s] some [other] person . . . as secondary beneficiary . . . ." R.C.W. § 11.84.100(1).

Here, it is undisputed that Ms. Canady was charged, convicted, and sentenced to 28 years in prison for the murder of Mr. Grim. Consequently, Ms. Canady is deemed a slayer by Washington statute and cannot collect the proceeds of the life insurance policy on Mr. Grim as the policy's beneficiary. There is no secondary beneficiary listed on Mr. Grim's life insurance policy. Dkt. No. 9, Exh. A. In addition, Ms. Canady was served with this interpleader action, Primerica's motion for summary judgment, and the Grim Estate's response. However, she has not entered any opposition or otherwise appeared in this action. In view of the foregoing, a judgment in favor of the Grim Estate and against Ms. Canady is appropriate. Accordingly, the proceeds of the life insurance policy, once paid by Primerica into the court's registry, shall be released by the Clerk from the court's registry to the Grim Estate.

D.    Primerica Is Entitled to its Attorney's Fees and Costs.

It is within the discretion of the district court to award attorney's fees and costs to a disinterested stakeholder in an interpleader action. *Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 516 (9th Cir. 1984). Courts routinely grant such awards absent a showing of bad faith.

*Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194-95 (9th Cir. 1962).

Here, Primerica is a disinterested stakeholder and has not acted in bad faith.  In addition, Primerica has indicated to counsel for the Grim Estate that it will limit its request for attorney's fees and costs to $2,000.  Dkt. No. 15.  The Grim Estate does not object to this amount.  Dkt. No. 16, Exh. A.  Accordingly, Primerica will be permitted to deduct $2,000 for its attorney's fees and costs from the insurance policy proceeds and interest.

V.    CONCLUSION

For the foregoing reasons, the Court recommends that a default be entered against defendant Debra A. Canady.  The Court further recommends that Primerica's motion for summary judgment, Dkt. No. 8, be GRANTED.  Accordingly, after Primerica pays the proceeds of Mr. Grim's life insurance policy, plus interest at the statutory rate, less Primerica's attorney's fees and costs of $2,000, into the registry of the Court, Primerica will be discharged from any future liability regarding the policy proceeds.  The Grim Estate and Ms. Canady will be enjoined from pursuing any further claims regarding the policy proceeds against Primerica or its agents.  The Court further recommends that the Clerk be directed to release the policy proceeds paid into the court's registry by Primerica to the Grim Estate since defendant Debra Canady is deemed a slayer under Washington law.  A proposed Order accompanies this Report and Recommendation.

DATED this 23rd day of September, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7